IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC. and SELECTHEALTH, INC.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00807-RJS-PMW<br><br>Chief District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

Chief District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Jane Doe's ("Plaintiff") motion to conduct discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

Prior to her death, Plaintiff was a participant in, and beneficiary of, a self-funded employee welfare benefits plan subject to the Employee Retirement Income Security Act

---

[1] *See* ECF no. 26.

[2] *See* ECF no. 83.

("ERISA"). *See* 29 U.S.C. § 2001 *et seq*. Plaintiff received residential mental health treatment at various facilities in 2017 and 2018. Defendants Intermountain Healthcare, Inc. and SelectHealth, Inc. (collectively, "Defendants") denied payment for Plaintiff's mental health treatment, and allegedly misrepresented the bases for denying coverage and refused to provide supporting documentation relevant to the denials.

Having exhausted the appeals process, Plaintiff filed suit against Defendants asserting claims for benefits under ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), claims for violations of the Mental Health Parity and Addition Equity Act ("Parity Act"), *see id*. § 1132(a)(3)(B), for mental health benefits, and a claim for statutory penalties for failure to produce plan documents, *see id*. §§ 1024(b)(4) and 1132(c).

In the instant motion, Plaintiff moves the court for permission to conduct limited discovery to determine whether Defendants withheld documents to which Plaintiff was entitled and whether penalties should be assessed for failing to produce such documents.[3] Specifically, Plaintiff requests leave to issue

> up to 10 requests for production of documents and up to 10 requests for interrogatories to acquire information and documents showing, describing, or pertaining to the Plan's nonquantitative treatment limitations regarding: (1) 2018 reimbursement methodologies and schedules and (2) 2017 and 2018 geographic restrictions, network adequacy, and accommodations applicable to deficiencies related thereto.[4]

---

[3] *See* ECF no. 83 at 2.

[4] ECF no. 88 at 8.

Plaintiff argues that exceptional circumstances exist to warrant extra-record discovery and that she is entitled to the requested documents because they constitute "other instruments under which the plan is established or operated" under 29 U.S.C. § 1024(b)(4). In response, Defendants contend that Plaintiff's discovery request "seeks to end-run the well-established rule that discovery in ERISA cases is generally not permitted,"[5] and that Defendants are not required to produce the requested documents because only "formal, legal plan documents"[6] are required under 29 U.S.C. § 1024(b)(4).

## **DISCUSSION**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Generally, discovery is not permitted in ERISA cases. *See Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1159-61 (10th Cir. 2010). "[I]n reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are generally limited to the administrative record." *Id.* at 1157. Courts are prohibited from "considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits." *Id*. at 1163 (citing *Sandoval v. Aetna Life & Cas. Ins. Co*.,

---

[5] ECF no. 87 at 1.

[6] *Id*. at 2.

967 F.2d 377, 380 (10th Cir. 1992)). This is because "the plan participant 'is not entitled to a second chance to prove his disability.'" *Id*. at 1159 (quoting *Sandoval*, 967 F.2d at 381).

Although unusual, given the variety of ERISA cases which are brought to federal courts, courts remain empowered with discretion and flexibility to permit discovery and admit additional evidence in limited circumstances where appropriate "in order to address the varied situations in which the administrative record alone may be insufficient to provide proper de novo review." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002). The Tenth Circuit provides district courts with some guidance by noting the following exceptional circumstances could warrant the admission of additional evidence:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* at 1203 (citation omitted). In considering a motion to conduct discovery, the court should also "address why the evidence proffered was not submitted to the plan administrator and should only admit the additional evidence if the party seeking to introduce it can demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made." *Id*.

Plaintiff contends that Defendants withheld certain documents to which she is entitled pertaining to reimbursement methodologies and schedules for out-of-network benefits and the plan's nonquantitative treatment limitations. The scope of documents that must be disclosed upon request under § 1024(b)(4) has not directly been addressed by the Tenth Circuit. However,

4

the Tenth Circuit case law suggests that the broad restriction of discovery in ERISA cases is used in the context of addressing substantive evidence of eligibility that the plan administrator was unable to consider, but does not prohibit discovery of plan documents that the plan administrator used to carry out the plan or that aided the administrator in rendering its decisions. *See Murphy*, 619 F.3d at 1159-60 ("Although we have frequently used broad language to describe our restriction on extra-record discovery and supplementation, the breadth of that language can be misleading, at least to some degree."); *see also Hall*, 300 F.3d at 1203 ("Supplementation . . . help[s] protect employees' substantive rights in those limited circumstances where extra-record evidence is relevant and necessary."). In ERISA cases, the purpose of the "disclosure requirements is to ensure that 'the individual participant knows exactly where he stands with respect to the plan.'" *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1070 (6th Cir. 1994) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989)).

     Here, the court concludes that documents should be disclosed to Plaintiff and that discovery is warranted given that the documents relate to the interpretation of the plan and are therefore relevant to how the plan is operated. To the extent the documents aided the plan administrator in rendering its decision, it would be inappropriate to deny Plaintiff access to such information. Limiting the definition of "operating documents" to only formal legal documents seems overly restrictive and inapposite to the purpose of ERISA which was designed to "provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Murphy*, 619 F.3d at 1159 (quotation omitted). Such a narrow use of the term denies workers' ability to access relevant documents that provide individual participants with information about the plan and benefits or relevant documents that the plan administrator itself

used to interpret and administer the plan. In this case, the court favors disclosure of information that helps Plaintiff understand her rights. Moreover, it does not seem possible to properly evaluate whether or not Defendants wrongly withheld documents in violation of § 1024(b)(4) without allowing Plaintiff to engage in discovery to uncover the documents and inquire about their use, function, and purpose.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to conduct discovery[7] is **GRANTED**. Plaintiff shall have 30 days from the date of this order to conduct discovery as detailed above.

**IT IS SO ORDERED.**

DATED this 5th day of May, 2020.

BY THE COURT:

_____
Paul M. Warner
Chief United States Magistrate Judge

---

[7] *See* ECF no. 83.