IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC. and SELECTHEALTH, INC.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO CONDUCT DISCOVERY**<br><br>Case No. 2:18-cv-00807-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Jared C. Bennett |

　　　　Defendants Intermountain Healthcare, Inc. and SelectHealth, Inc. object to the Magistrate Judge's Memorandum Decision and Order (Order), granting Plaintiff Jane Doe's Motion to Conduct Discovery relevant to her Employee Retirement Income Security Act (ERISA) and Mental Health Parity and Addiction Equity Act (Parity Act) claims. The court has carefully reviewed the Order[1] and Defendants' Objection.[2] For the reasons that follow, Defendants' Objection is OVERRULED.

## BACKGROUND

　　　　As an employee of Defendant Intermountain Healthcare, Plaintiff was a participant in and beneficiary of her employer's self-funded employee welfare benefits plan (the Plan).[3] In 2017 and 2018, Plaintiff received mental health treatment at various residential treatment facilities, and Defendant SelectHealth, as administrator for the Plan, denied full coverage for that treatment.[4]

---

[1] Dkt. 92 (Order).

[2] Dkt. 93 (Objection).

[3] Dkt. 87 at 2.

[4] *Id.* at 2–3.

1

After Plaintiff challenged the denial of her benefits and SelectHealth upheld each denial decision, she commenced this suit by filing her Complaint in October 2018.[5]

In December 2018, the court referred all non-dispositive pretrial matters in this case to Chief Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[6]

In September 2019, Plaintiff filed her Second Amended Complaint in which she asserts four claims against Defendants.[7] First, she claims she is entitled to damages based on Defendants' wrongful denial of her claims, including violation of the express terms of the Plan and the Parity Act.[8] Second, she claims she is entitled to an injunction against SelectHealth to prevent it from continuing to violate ERISA's provisions.[9] Third, she claims she is entitled to other equitable relief on account of Defendants' alleged ERISA violations.[10] And fourth, she claims Intermountain Healthcare is liable for failing to produce Plan documents under 29 U.S.C. § 1132(c).[11]

In November 2019, Plaintiff filed her Motion to Conduct Discovery, seeking leave to serve Defendants with ten interrogatories and ten requests for documents so she can determine (1) whether Defendants withheld documents in violation of 29 U.S.C. § 1024(b)(4), and (2) whether the court should assess penalties against Defendants for failing to produce documents under 29

---

[5] *Id.* at 3; *see* Dkt. 2 (Complaint).

[6] Dkt. 26. This case was later assigned to Magistrate Judge Jared C. Bennett. *See* Dkt. 95.

[7] *See* Dkt. 70 (Second Amended Complaint) at 33–35.

[8] *Id.* ¶¶ 88–91.

[9] *Id.* ¶¶ 92–93.

[10] *Id.* ¶ 94.

[11] *Id.* ¶¶ 95–97.

U.S.C. § 1132(c).[12] Specifically, Plaintiff seeks discovery concerning Defendant's undisclosed, non-quantitative treatment limitations imposed by the Plan.[13]

Judge Warner granted Plaintiff's Motion in May 2020.[14] Shortly thereafter, Defendants filed their Objection.[15] In short, Defendants argue Judge Warner's Order should be reversed because it is contrary to law or, in the alternative, should be limited by the scope of Plaintiff's claim that Defendants failed to disclose documents as required by ERISA.[16]

## LEGAL STANDARD

"When a magistrate judge issues an order on non-dispositive discovery matters and a party objects, the district court reviews the magistrate's order under 'the clearly erroneous or contrary to the law standard.'"[17] The court applies the clearly erroneous standard to a magistrate's factual findings and will reverse those findings only if, after reviewing the evidence, "the court is left with the definite and firm conviction that a mistake has been committed."[18] For a magistrate's legal conclusions, the court applies the contrary to law standard, which "permits the district court to conduct a plenary review of . . . purely legal determinations and [to] set aside an order if the wrong legal standard was applied."[19]

---

[12] Dkt. 83 at 2.

[13] *Id.* at 3.

[14] *See* Dkt. 92 (Order).

[15] *See* Dkt. 93 (Objection).

[16] *See id.*

[17] *StorageCraft Tech. Corp. v. Symantec Corp.*, No. 2:07-CV-856 CW, 2009 WL 112434, at *1 (D. Utah Jan. 16, 2009) (quoting *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)).

[18] *Combe v. Cinemark USA, Inc.*, No. 1:08-cv-142 TS, 2009 WL 3584883, at *1 (D. Utah Oct. 26, 2009) (brackets and citations omitted); *see Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) ("The clearly erroneous standard . . . requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (quotation marks and citation omitted).

[19] *Combe*, 2009 WL 3584883, at *1 (citations omitted).

## ANALYSIS

"Discovery is a nondispositive matter."[20] Accordingly, the court "must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law."[21] Because the court concludes Judge Warner applied the correct legal standard to Plaintiff's Motion to Conduct Discovery, the court reviews the Order under the clearly erroneous standard and finds that it is not clearly erroneous.[22]

### I. The Clearly Erroneous Standard Applies

The Tenth Circuit has recognized exceptions to the general rule that discovery is not allowed in ERISA cases,[23] but it has not addressed whether discovery is justified when a plaintiff brings a claim under the Parity Act[24] or 28 U.S.C. § 1024(b)(4). Nevertheless, the Tenth Circuit has clarified that Federal Rule of Civil Procedure 26(b) governs "discovery requests in ERISA

---

[20] *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (citations omitted).

[21] *Id.* (citations omitted). Defendants argue Judge Warner exceeded his authority because the Order includes dispositive provisions and therefore the court should review the Order under a de novo standard. *See* Dkt. 93 (Objection) at 2–7. The court disagrees. The Order is directed only at whether Plaintiff is entitled to conduct discovery. Whether the documents, if any, Defendants produce in response to Plaintiff's discovery requests should have been disclosed under 29 U.S.C. § 1024(b)(4) is an issue the court will address if it is properly submitted to the court for decision, for example, in a motion for summary judgment.

[22] Unlike the question of what the applicable legal standard is—which is a purely legal determination and subject to plenary review—the question of whether Plaintiff's requested discovery satisfies Federal Rule of Civil Procedure 26(b)'s standards is a mixed question of law and fact subject to the clearly erroneous standard of review.

[23] *See Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1156–64 (10th Cir. 2010); *see also Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308–09 (10th Cir. 2007); *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1200–03 (10th Cir. 2002).

[24] On three separate occasions, this court has noted the importance of discovery in Parity Act claims. *See Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-cv-00216-RJS-EJF, 2018 WL 6788521, at *4 (D. Utah Dec. 26, 2018) ("Discovery will allow Ms. P. to learn and compare the processes, strategies, evidentiary standards, and other factors Aetna used for sub-acute care in both realms."); *see also Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18cv753DAK, 2019 WL 2493449, at *4 (D. Utah June 14, 2019) ("The nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions. Discovery will show whether Aetna improperly limited mental health benefits under the Plan."); *Robert L. v. Cigna Health & Life Ins. Co.*, No. 2:18-cv-976 RJS DBP, 2019 WL 6220062, at *3 (D. Utah Nov. 21, 2019) ("The cases from this district note the importance of discovery to Parity Act claims and the Tenth Circuit's factors do not preclude such discovery. And, if appropriate under the circumstances of a case such discovery is not simply a fishing expedition, rather, it could be critical to a Parity Act claim.").

cases" and that district courts have "substantial discretion in handling discovery requests under Rule 26(b)."[25] Further, the Circuit has instructed courts to consider ERISA-specific factors when determining whether discovery should be conducted in an ERISA case.[26] Those factors include: (1) "that ERISA seeks a fair and informed resolution of claims," (2) "ERISA . . . seeks to ensure a speedy, inexpensive, and efficient resolution of those claims," and (3) "the necessity of discovery."[27]

In sum, the correct standard to apply to Plaintiff's Motion to Conduct Discovery is the standard found in Rule 26(b)[28] coupled with the factors listed above. Because it is apparent Judge Warner applied this standard in his Order (even if not by explicit reference), the court finds the Order is not contrary to law and should not be reversed unless it is clearly erroneous.

## II. The Order is Not Clearly Erroneous

Having carefully reviewed the Order, the court finds it is not clearly erroneous. Plaintiff is seeking discovery to support her Parity Act claims[29] and her claim that Defendants failed to disclose documents pursuant to 28 U.S.C. § 1024(b)(4).[30] The Order clearly explains why

---

[25] *Murphy*, 619 F.3d at 1162–64.

[26] *Id.* at 1163.

[27] *Id.*

[28] Under Rule 26(b),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b).

[29] Although Defendants argue the scope of Plaintiff's discovery should be limited to her claim that they failed to disclose documents, they fail to acknowledge that Plaintiff's discovery requests are relevant to her Parity Act claims. *See* Dkt. 93 (Objection) at 9–11. Accordingly, the court disagrees with Defendants and finds the Order to not be clearly erroneous in this respect.

[30] *See* Dkt. 94 at 7–8 ("Plaintiff alleges that Defendants intentionally withheld documents central to her Federal Parity Act claims (and to the equitable relief sought for violations thereof) that Defendants alone possessed and which at all relevant times governed their administration of her ERISA health plan and litigated claims.").

discovery is necessary and relevant in this context.[31] Specifically, the Order explains that the documents Plaintiff requests "relate to the interpretation of the plan and are therefore relevant to how the plan is operated."[32] It clarifies that access to these documents supports two ERISA purposes: that (1) ERISA disputes are resolved inexpensively and expeditiously and (2) plan participants have information concerning how the plan administrator interprets and administrates the plan.[33] And it further identifies how Plaintiff's claim that Defendants improperly withheld documents would be impossible to prove without engaging in some degree of discovery.[34] Thus, the Order is based on sound reasoning and is not clearly erroneous.

## CONCLUSION

For the reasons explained above, Defendants' Objection[35] is OVERRULED and the Order[36] is AFFIRMED.

SO ORDERED this 26th day of June 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[31] Defendants attempt to turn this discovery dispute into a question of statutory interpretation. *See* Dkt. 93 (Objection) at 7–9. But the court is not convinced by Defendants' arguments because they fail to engage with the Tenth Circuit's binding precedent that clarifies when discovery may occur in ERISA cases or this court's prior decisions recognizing that discovery may be appropriate in at least some Parity Act claims. To be clear, this is a discovery dispute, and Judge Warner correctly treated it as such.

[32] Dkt. 92 (Order) at 5.

[33] *Id.* at 5–6.

[34] *Id.* at 6.

[35] Dkt. 93 (Objection).

[36] Dkt. 92 (Order).