## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JANE DOE,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:18-cv-807-RJS-JCB** |
| **INTERMOUNTAIN HEALTHCARE, INC. & SELECTHEALTH, INC.,** | **District Judge Robert J. Shelby** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

The proverb, "Two wrongs don't make a right," is well known and, unfortunately, unheeded. Such is the case with Plaintiff's motion for short form discovery now pending before the court.[1] The court first begins with the wrong that spawned the motion: Intermountain Healthcare and Selecthealth's (collectively "IHC") boilerplate objections. As this court noted in *Smash Technology, LLC v. Smash Solutions, LLC*,[2] "boilerplate objections" are vestiges of a now defunct tradition of obstructing discovery.[3] Worse yet, IHC's objection that Plaintiff's requests for discovery seek information "not reasonably calculated to lead to the discovery of admissible

---

[1] ECF No. 100.

[2] ___ F.R.D. ___, 2020 WL 3546254 (D. Utah June 30, 2020).

[3] *Id.* at *1-6.

evidence" is not an available objection given that the December 1, 2015 amendments to the Federal Rules of Civil Procedure struck that phrase from the rules.[4]

Although IHC's discovery responses certainly constitute a wrong, so does Plaintiff's short-form discovery motion, which prevents this court from making things right, at least for now. DUCivR 37-1(a)(3) clearly states that short form discovery motions are limited to 500 words. Plaintiff's motion exceeds that limit by approximately 50%. Therefore, the motion is denied without prejudice.

Given both wrongs, the court is exercising its discretion under Fed. R. Civ. P. 37(a)(5) to find that circumstances here would make an award of fees unjust. On the one hand, Fed. R. Civ. P. 37(a)(5) requires this court to impose sanctions where objections to discovery are, among other things, not substantially justified. This court has previously held that boilerplate objections to document requests are not substantially justified.[5] On the other hand, when a party seeks to vindicate a violation of the rules, it cannot violate the rules itself because the court will reject the

---

[4] *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("General Objection I also objects that the discovery is not 'likely to lead to the discovery of relevant, admissible evidence.' The 2015 amendments deleted that language from Rule 26(b)(1), and lawyers need to remove it from their jargon."); *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("The 2015 amendments thus eliminated the 'reasonably calculated' phrase as a definition for the scope of permissible discovery. Despite this clear change, many courts [and lawyers] continue to use the phrase. Old habits die hard . . . . The test going forward is whether evidence is 'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to admissible evidence.'"). The court notes that the Court of Appeals for the Tenth Circuit employed this term to discuss discovery in an ERISA case in 2010. *Murphy v. Deloitee & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). However, as noted above, "reasonably calculated to lead to the discovery of admissible evidence" was stricken from Rule 26(b) on December 1, 2015. This objection is gone even for ERISA cases.

[5] *Smash Tech., LLC*, 2020 WL 3546254, *9.

motion, which generates fees where, as here, a party responds to the improper motion. Given this situation, the court declines to impose fees.

Although the court is not ordering the parties to do so, the court strongly suggests that the parties meet and confer to reconsider their wrongs and decide how to make them right. The court encourages the parties to consider this court's decision in *Smash Technology* cited above. If, after meeting and conferring, the parties are unable to resolve the specific objections raised to the document requests, the court will entertain a motion to compel or a motion for a protective order properly filed under DUCivR 37-1.

IT IS SO ORDERED.

DATED this 18th day of August 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge