IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | Case No. 2:18-CV-00807-RJS-JCB |
| INTERMOUNTAIN HEALTHCARE, INC. & SELECTHEALTH, INC., | Chief District Judge Robert J. Shelby |
| Defendants. | Magistrate Judge Jared C. Bennett |

This matter was referred to Magistrate Judge Paul M. Warner, but due to his retirement, this matter is now referred to Magistrate Judge Jared C. Bennett.[1] Before the court is Plaintiff Jane Doe's ("Ms. Doe") Motion for Leave to File Amended Complaint.[2] Ms. Doe moves to amend her complaint for the third time to add a putative class action complaint to pursue three additional claims for violations the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461. Specifically, Ms. Doe seeks to add three causes of action that challenge Defendants Intermountain Healthcare and Selecthealth's (collectively, "IHC") methodology for paying benefits.[3] For the reasons explained below, Ms. Doe's motion is DENIED.

---

[1] ECF No. 95.

[2] ECF No. 112.

[3] ECF No. 112 at 3.

## PROCEDURAL BACKGROUND

Ms. Doe commenced this action against IHC on October 17, 2018.[4] The first scheduling order in this action required Ms. Doe to file any amended pleadings by February 1, 2019.[5] Prior to that deadline, Ms. Doe filed her first amended complaint.[6] Although the parties subsequently amended some components of the litigation schedule, those amendments did not adjust the deadline to amend the complaint.[7] On March 1, 2019, IHC provided Ms. Doe with additional documents that were responsive to her inquiries about IHC's claims process.[8] On August 22, 2019, Judge Shelby granted IHC's motion to dismiss Ms. Doe's fourth cause of action but granted her leave to amend limited to repleading it.[9] In response, Ms. Doe's counsel stated that Ms. Doe planned to "fil[e] a motion for leave to assert additional claims based on information we learned in March.," (hereinafter, "March Claims").[10] In light of this information, the court instructed that if Ms. Doe intended to amend the complaint beyond repleading existing claims, she would need to file a motion to amend within 30 days and "justify, under the applicable rules, why [she] should be permitted to make an amendment beyond the one" amendment that the court

---

[4] ECF No. 2.

[5] ECF No. 27.

[6] ECF No. 34.

[7] ECF No. 36.

[8] ECF No. 123-2.

[9] ECF No. 72 at 9.

[10] ECF No. 72 at 9-10.

allowed that day.[11] On September 20, 2019, Ms. Doe filed her Second Amended Complaint ("SAC"), which contained only the original three claims and the repleaded fourth claim.[12] Notably, and contrary to counsel's statement, Ms. Doe did not move to include the March Claims in the SAC. Since then, litigation has continued unabated, and, aside from a soon-to-be-resolved dispute over attorney-client privilege,[13] discovery is complete, and the case is ready for dispositive motions.

Rather than moving to amend the complaint to include the March Claims in this action as contemplated by the court,[14] Ms. Doe decided to bring the March Claims in a separate lawsuit.[15] After filing the new lawsuit on September 23, 2019, Ms. Doe and IHC moved to consolidate it with the action here,[16] but Judge Shelby denied the motion.[17] Thereafter, based on IHC's motion, Judge Barlow dismissed the new action because it was inextricably tied to the claims in the

---

[11] ECF No. 72 at 9.

[12] ECF No. 70.

[13] ECF No. 104.

[14] ECF Nos. 68, 72, 74.

[15] *Smith v. Intermountain Health Care*, No. 2:19CV670, ECF No. 2 (D. Utah). To avoid confusion, ECF numbers related to the *Smith* action will be designated as *Smith*, ECF No. X, whereas citations without a preceding case name will refer to the docket in the instant action.

[16] ECF No. 84.

[17] ECF No. 90.

instant action, and, therefore, determined if the claims were to be considered at all, then they should to be considered with the claims in this action.[18]

Given Judge Barlow's decision, Ms. Doe now moves to file a Third Amended Complaint ("TAC") to assert the March Claims.[19] Ms. Doe argues that the TAC complies with Fed. R. Civ. P. 15 and will not unfairly prejudice IHC because she asserted the same claims in the action that Judge Barlow dismissed.[20] Acknowledging that litigation in the instant action is virtually at its end, Ms. Doe essentially proposes a bifurcated litigation schedule wherein the TAC claims proceed separately from the SAC claims to avoid delaying resolution of the SAC claims.[21] Therefore, Ms. Doe argues, she has satisfied Rule 15's requirements to amend the complaint for a third time.

IHC disagrees. Because the court-ordered time for amending the complaint has long passed, IHC asserts that Ms. Doe's motion fails to meet the "good cause" requirement to extend the deadline to amend pleadings under Fed. R. Civ. P. 16.[22] In addition to failing under Fed. R. Civ. P. 16, IHC argues that Ms. Doe also fails to satisfy the requirements to amend a complaint

---

[18] *Smith*, ECF No. 37; audio recording of September 11, 2020 hearing.

[19] ECF No. 112.

[20] ECF No. 112 at 8-9.

[21] ECF No. 112 at 9 ("It would not impair judicial economy to proceed with dispositive motions on the Denied Claims, even if the issues in the proposed TAC concerning Underpayment Claims are not yet ripe for dispositive motions.").

[22] ECF No. 123 at 4-7.

under Fed. R. Civ. P. 15.[23] Specifically, IHC contends that Ms. Doe engaged in undue delay by waiting to bring the TAC claims in this action and, in any event, they are futile because she lacks standing. Accordingly, IHC argues, Ms. Doe's motion should be denied.

As shown below, Ms. Doe's motion fails because she cannot establish "good cause" under Fed. R. Civ. P. 16(b).[24] Therefore, Ms. Doe's motion is denied.

## ANALYSIS

### I. MS. DOE FAILS TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 16(b).

Where, as here, Ms. Doe seeks to amend a complaint after the deadline for doing so has passed, she "must satisfy both the Rule 16(b) and Rule 15(a) standards."[25] If Ms. Doe fails to meet either Rule's demands, then "the district court [does] not abuse its discretion in denying [her] motion for leave to amend."[26] Accordingly, if Ms. Doe fails "to show good cause under Rule 16(b), there is no need for the court to move on to the second step of the analysis, i.e., whether [she has] satisfied the requirements of Rule 15(a)."[27] As shown below, Ms. Doe fails to meet the demands of Rule 16(b).

---

[23] ECF No. 123 at 7-10

[24] Because the court denies the motion for failure to establish good cause, the court does not reach IHC's arguments on standing.

[25] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

[26] *Id.* (alterations in original) (citations and quotations omitted).

[27] *Id.* (citations and quotations omitted).

5

Rule 16(b) requires Ms. Doe to establish "good cause."[28] This is true even where, as here, Ms. Doe "learns new information through discovery . . . ."[29] To show "good cause," Ms. Doe must "show the scheduling deadlines cannot be met despite [her] diligent efforts."[30] "Because Rule 16 requires diligence, [Ms. Doe] cannot establish good cause if [she] knew of the underlying conduct but simply failed to raise [her] claims."[31] "[G]ood cause obligates the moving party to provide adequate explanation for any delay."[32] Failure to provide such an explanation warrants denial of the motion to amend.[33]

Before addressing the reasoning for Ms. Doe's failure to establish good cause, the court will give the benefit of the doubt to Ms. Doe on four issues. First, even though Ms. Doe's motion entirely fails to mention, much less address, the Rule 16 "good cause" standard—which should be dispositive[34]—the court will consider her Rule 16 arguments raised for the first time in her reply memorandum. Second, instead of calculating the 19-month period between the amendment

---

[28] Fed. R. Civ. P. 16(b).

[29] *Tesone*, 942 F.3d at 990 (citations and quotations omitted).

[30] *Id.* (citations and quotations omitted).

[31] *Husky Ventures, Inc. v. B55 Inv.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citations and quotations omitted).

[32] *Id.* (citations and quotations omitted).

[33] *Id.*

[34] *Id.* (finding that plaintiff failed to meet the good cause standard under Rule 16(b) where plaintiff "made absolutely no arguments to show good cause for late amendment of the pleadings" in the motion to amend); *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (affirming Rule 16(b)(4) denial where the movant neglected to articulate any rationale for the untimeliness of the motion to amend).

deadline (February 1, 2019) and the filing of the instant motion to amend the complaint (September 18, 2020), the court will consider the date that Ms. Doe filed her ill-fated action before Judge Barlow as the effective motion to amend date (September 23, 2019). Third, the court will assume for purposes of this motion only that Ms. Doe was unaware of the information on which she based her amended claims until March 1, 2019, when IHC provided the information.[35]

However, even with these concessions, Ms. Doe still fails to establish good cause. The temporal distance between receiving the information upon which the TAC claims are based and filing the new lawsuit before Judge Barlow was approximately 6.5 months. Ms. Doe provides absolutely no explanation in either her motion to amend or reply memorandum as to why she waited over six months after receiving the information to assert the March Claims in a separate action. Instead, Ms. Doe's reply memorandum only addresses why she was unaware of this new information until after IHC's March 1, 2019 document production and, therefore, could not amend her complaint with the new claims prior to the February 1, 2019 amendment deadline.[36] Thus, the court has no idea why Ms. Doe waited over six months to file the new claims albeit in a separate action before Judge Barlow.

---

[35] IHC contends that Ms. Doe was aware of her claims before IHC's March 1, 2019 document production and before the February 1, 2019 deadline to amend the complaint. ECF No. 123 at 6-7.

[36] ECF No. 124 at 5-6.

Ms. Doe's failure to provide any such explanation is critical here for purposes of showing good cause under Rule 16(b). In *Birch v. Polaris Industries, Inc.*,[37] the Court of Appeals for the Tenth Circuit affirmed the denial of a motion to amend a complaint after the amendment deadline. In *Birch*, the moving party failed to provide any explanation for why it waited four months to amend the complaint after learning of the amendment-worthy information.[38] Here, the unexplained delay is longer even if the court uses the amendment date most favorable to Ms. Doe. Therefore, Ms. Doe has failed to establish good cause.

Instead of providing an explanation for why she waited 6.5 months to bring her TAC claims, Ms. Doe asserts that IHC cannot now complain about untimeliness because IHC never contested the timeliness of those claims when the lawsuit before Judge Barlow was filed.[39] However, that argument is unpersuasive because the criteria for evaluating the timeliness of claims for a new lawsuit are entirely different than the criteria for evaluating the timeliness of a proposed amendment to a complaint. The statutory limitation period governs timeliness of a new lawsuit whereas Fed. R. Civ. P.16 governs the timeliness of a proposed amendment to a complaint after the amendment date has passed. Indeed, IHC would have no legal basis if it had raised a Rule 16-based timeliness argument in response to the new lawsuit before Judge Barlow. Therefore, Ms. Doe has failed to show good cause under Rule 16(b).[40]

---

[37] 812 F.3d 1238, 1248 (10th Cir. 2015).

[38] *Id*.

[39] ECF No. 124 at 6.

[40] Because Ms. Doe fails to show good cause, the court declines to review whether she meets the requirements of Rule 15. *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242

### CONCLUSION

Because Ms. Doe cannot establish good cause under Rule 16(b), her Motion for Leave to File Third Amend Complaint is DENIED.[41]

DATED this 17th day of November 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

(10th Cir. 2014) (declining to consider whether plaintiff met Rule 15 because plaintiff failed to show good cause under Rule 16). In any event, even if the court were to apply Rule 15, her amended complaint should still be denied. Although Rule 15 provides that leave to amend should be "freely give[n] when justice so requires," courts should not give such leave "upon a showing of undue delay," among other things. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citations and quotations omitted). When determining "undue delay," the court "focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (citations and quotations omitted). Where, as here, a plaintiff fails waited over six months to file the new claims and failed to explain the reason for the delay, undue delay precludes freely given leave to amend under Rule 15. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (affirming denial of motion to amend complaint for undue delay under Rule 15 because plaintiff failed to explain a four-month delay). Beyond the lack of explanation for the delay, Ms. Doe's request to bifurcate the claims in the SAC from the new claims in the TAC evince a tacit admission that they are too late. Indeed, given Judge Barlow's determination that the claims in the SAC and the TAC are so closely linked that they must be heard together, this court is hard pressed to agree that bifurcation is even an option in this action at this point. As Judge Barlow stated, much of the evidence for the new claims in the TAC will be the same as the evidence used for the claims in the SAC. This court cannot reset litigation that is near its conclusion especially where, as here, no explanation is provided for the delay. Therefore, Fed. R. Civ. P. 15 requires the denial of Ms. Doe's motion.